UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INVENTIV HEALTH CONSULTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUMMER ATKINSON, <br><br> Defendant. | Civil Action <br><br> 2:18-CV-12560-ES-SCM <br><br> **PRETRIAL SCHEDULING ORDER** |

**THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on January 18, 2019; and for good cause shown:

**IT IS** on this Friday, January 18, 2019,

**ORDERED THAT**:

## I.     DISCLOSURES

**1.** Fed.R.Civ.P. 26 initial disclosures shall be exchanged on or before 2/1/2019.

**2.** If parties are served or joined after this scheduling order, such parties must make their initial disclosures, and all other parties provide their disclosures to the new party within 30 days. Fed.R.Civ.P. 26(a)(1)(D).

## II.     DISCOVERY

**3.** Fact discovery is to remain open through 9/18/2019.  Discovery should be produced on a rolling basis.  All fact and rebuttal expert witness depositions must be completed by the close of fact discovery. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

**4.** The parties may serve interrogatories limited to twenty (20) single question, and requests for production of documents and requests to admit on or before 2/15/2019, to be responded to **within thirty (30) days of receipt**.

**5.** Depositions, limited to **five (5)** per side, of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians). No objections to questions posed at depositions shall be made other than as to lack of foundation, form, or privilege. *See* Fed.R.Civ.P. 32 (d)(3)(A). No instruction not to answer shall be given unless privilege is implicated.

**6.**   Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes **before** seeking the Court's intervention.   Should informal efforts fail to resolve the dispute, the matter shall be brought to the Court's attention via a **joint letter** that sets forth: (a) the specific discovery requested; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; including citations to appropriate caselaw; and (e) why the responding party believe the response is sufficient. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

<u>Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute</u>.

No discovery motion or motion for sanctions for failure to provide discovery shall be made without prior leave of Court.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than 60 days before the fact end date. **The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date**. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

### III.   DISCOVERY CONFIDENTIALITY ORDERS

**7.**   Any proposed discovery confidentiality order shall be presented as a joint submission. The proposed form of order shall comply with Local Civil Rule 5.3 and the proposed confidentiality order must be clearly designated **"Discovery Confidentiality Order."**

### IV.   FUTURE CONFERENCES

**8.**   There shall be a telephone status conference on 3/19/2019 **<u>at 11:30 a.m.</u>** Counsel for plaintiff shall initiate the call.

**9.**   The Court may from time to time schedule conferences as may be required, either *sua sponte* or at the request of a party.

**10.**   Counsel should be prepared to discuss settlement at every conference with the Court. The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone.   In cases involving insurance companies and other corporate or business

entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

**11.**   Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

**12.**   A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

### V.   MOTIONS

**13.**   Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than 3/20/2019.

14.   Leave is not required for Rule 12(b) motions, motions to seal, or motions to admit *pro hac vice*.  No other motions are to be filed without prior written permission from this Court. All dispositive motions must first be subject to a dispositive motion pre-hearing. Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met. All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

15.   Dispositive motions, if any, are to be filed by [**TO BE DETERMINED**].

### VI.   EXPERTS

16.    All affirmative expert reports shall be delivered by 10/15/2019.  Any such report is to be in the form and content as required **by** Fed.R.Civ.P. 26(a)(2)(B).

17.   All responding expert reports shall be delivered by 11/29/2019.

18.   All expert discovery, including the completion of depositions, shall be completed by 12/28/2018.

19.   No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VII.    FINAL PRETRIAL CONFERENCE

20.   A final pretrial conference shall be conducted pursuant to Fed.R.Civ.P. 16(e) on TBD.

21.   All counsel are directed to assemble at the office of plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

22.   With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

23.   All counsel are responsible for the timely submission of the Pretrial Order and submissions.

24.   The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48)** hours before the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

25.   **FAILURE TO FOLLOW THIS ORDER OR ANY SUBSEQUENT SCHEDULING ORDERS WILL RESULT IN SANCTIONS PURSUANT TO Fed.R.Civ.P. 16(f) and 37.**

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

1/18/2019 11:09:46 AM

Original: Clerk of the Court
Hon. Esther Salas, U.S.D.J.
cc: All parties
　　File